UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JUDITH LEE ANDERSON RHYMES,[1]

Plaintiff,

v.

NORWEST BANK CORPORATION,

Defendant.

---

Civil No. 00-931 (ADM/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)

---

[1] Several additional names appear in the caption of the Complaint, but it does not appear that any of those names actually represent any additional plaintiffs. Instead, it appears those additional names are simply (a) Plaintiff's aliases or alter egos, (b) potential witnesses in this matter, and/or (c) other individuals whose interests Plaintiff is attempting to represent -- without any legal authority for doing so.

FILED APR 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

(per curiam).[2]

The Complaint in this case is a rambling (and largely incomprehensible) narrative of events that allegedly have occurred over the course of Plaintiff's lifetime. As far as the Court can discern, Plaintiff is attempting to sue Defendant, Norwest Bank Corporation, for allegedly dispossessing Plaintiff of certain assets by fraud.

It is readily apparent that, even with the benefit of liberal construction, (see Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's Complaint is inadequate. Her pleading is fatally defective in at least two respects.

First, the Complaint does not comply with Fed. R. Civ. P. 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." (Emphasis added.) "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Property Investments, Inc. v. Quality Inns International, Inc., 61 F.3d 639, 644

---

[2] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

(8th Cir. 1995). To state an actionable fraud claim, a complaint must describe specific events, including when and where such events occurred. Id. The complaint must explain "with particularity" what the Defendant did (or failed to do) that allegedly constitutes fraud. Again, broad allegations of fraud will not suffice.

Plaintiff's current pleading does not come close to satisfying the requirements of Rule 9(b), because Plaintiff has offered nothing more than vague allegations that Defendant somehow deprived her of certain unidentified assets by fraud. The Complaint does not adequately describe any specific fraudulent acts allegedly committed by Defendant, nor does it describe any specific assets that Defendant allegedly took from Plaintiff by fraud. Therefore, the Complaint fails to state a cause of action on which relief can be granted.

In addition, Plaintiff's Complaint does not identify any grounds that would bring this case within the subject matter jurisdiction of a federal district court. Therefore, the Complaint does not comply with Fed. R. Civ. P. 8(a), which requires that "a pleading which sets forth a claim for relief... shall contain... a short and plain statement of the grounds upon which the court's jurisdiction depends."

Federal district courts have subject matter jurisdiction only in cases arising under federal law, or where there is diversity of citizenship between plaintiffs and defendants. See 28 U.S.C. §§ 1331 and 1332. The instant Complaint does not identify any claim based on federal law. (Plaintiff's fraud claim is a cause of action based on state tort law -- not federal law.) Nor does the Complaint include any allegations showing that subject matter jurisdiction exists based on diversity of citizenship. Thus, the Complaint

does not demonstrate the existence of any grounds for subject matter jurisdiction, as required by Fed. R. Civ. P. 8(a).

For both of the reasons discussed above, the Court concludes that Plaintiff has failed to state any claim for relief that can properly be entertained in federal court. It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 17th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.